**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**WESLEY WHITE**  **PLAINTIFF**

**NO. 3:20-CV-00121-JMV**

**ANDREW SAUL,**
*COMMISSIONER OF SOCIAL SECURITY*  **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the Court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the Court's ruling from the bench during a hearing held today, the Court finds the Commissioner's residual functional capacity ("RFC") determination is not supported by substantial evidence in the record. Specifically, the ALJ made obvious factual errors in review of the medical records. For example, while acknowledging plaintiff's symptoms of back pain and problems with prolonged walking/standing, the ALJ recited that the intensity of these reported symptoms was not entirely consistent with the evidence in the record. Specifically, the ALJ stated:

> In terms of claimants alleged significant back pain, his July 2019 MRI of the lumbar spine showed only minimal dextro-scoliosis and mild scattered disc space narrowing and osteophyte formation. The claimant's vertebral body

>heights and alignment were maintained. There was no facture of subluxation *or facet degenerative changes*."

(emphasis added).

This is plainly error as *there is no July 2019 MRI*. The July 2019 report is only an x-ray report, and review of it reveals, contrary to the ALJ's assertion, "facet degenerative changes *are* seen." (emphasis added)

And, though no mention--at all--is made of the same, *there is an MRI dated September 2019*, and it makes a host of findings, including multiple "*facet degenerative changes*" and "moderate bilateral foraminal narrowing." Ultimately, the ALJ failed to consider this evidence and fully and fairly develop the record further, if necessary, having done so. Had the ALJ, it may well have altered the result here.

On remand, the ALJ must consider the evidence and plaintiff's complaints in light of the September 2019 MRI and obtain a medical source opinion regarding the claimant's ability to perform work activity. The ALJ may satisfy his obligation to obtain a MSS by obtaining an updated assessment from an agency medical consultant or advisor. If necessary, however, the ALJ must also order a consultative examination. Further, if necessary, the ALJ must obtain supplemental vocational expert evidence. The ALJ may conduct any additional proceedings not inconsistent with this judgment.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

SO ORDERED this, the 12th day of January, 2021.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE